

FILED

SEP 1 2 2005

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

In re:                              )     Case No. 05-22777-D-7
                                    )     Docket Control No. GJH-1
MELANIE HUGHES,                     )
                                    )
                                    )
                    Debtor.         )
_____)

**MEMORANDUM DECISION**

**I. INTRODUCTION**

Under 11 U.S.C. section 327(a) and (c), chapter 7 trustee
John Roberts (the "Trustee") seeks to employ Hughes & Pritchard,
LLP ("HP"), as his special counsel, for the purpose of
prosecuting a fraudulent transfer action filed in the Sacramento
County Superior Court (the "Fraudulent Transfer Action") against
the above-captioned debtor, Melanie Hughes (the "Debtor"), and
Mark Hughes and/or the Hughes Law Group.  In his Application of
Chapter 7 Trustee to Employ Counsel, filed July 26, 2005 (the
"Application"), the Trustee seeks to employ HP as his counsel in
regard to at least three matters:  prosecution of a legal
malpractice claim of the Debtor; in regard to objections to
claim; and in regard to the Fraudulent Transfer Action.

The United States Trustee ("UST") opposes the Application.
Oral argument was presented on September 6, 2005, and in an
Interim Order entered on September 7, 2005, the court denied the
Trustee's request to employ HP in regard to the legal malpractice
claim and objections to claim, based on findings of an actual
conflict pertaining to the proposed representation.  At the
court's request, the Trustee and the UST filed post-hearing

1  briefs in regard to HP's proposed employment as special counsel
2  for the Fraudulent Transfer Action.

3      For the reasons set forth below, the court will deny the
4  Application in its entirety.

5                        II. DISCUSSION

6      The record in this case shows that the Debtor is married to
7  Mark Hughes and was married to Mr. Hughes as of the filing of the
8  her chapter 7 petition.  As noted above, Mark Hughes and/or the
9  Hughes Law Group are named as defendants in the Fraudulent
10 Transfer Action.

11     The record in this case also shows that HP has represented
12 Clayeo C. Arnold, an individual, and Clayeo C. Arnold, a
13 Professional Law Corporation (collectively, "Arnold"), in
14 connection with efforts to collect judgments against the Debtor,
15 and in regard to the Debtor's earlier bankruptcy case, a Chapter
16 13 proceeding in this court which was dismissed on a motion
17 prosecuted by HP on Arnold's behalf.  HP currently represents
18 Arnold in regard to the Debtor's chapter 7 bankruptcy case, and
19 in regard to the pending Fraudulent Transfer Action.  HP is also
20 Arnold's counsel of record in connection with an adversary
21 proceeding in this court, <u>Arnold v. Hughes</u>, Adv. Pro. No. 05-
22 02225 (the "Discharge Action").  In the Discharge Action, Arnold
23 seeks the denial of the Debtor's discharge in the pending chapter
24 7 case, pursuant to 11 U.S.C. section 727,  and/or a
25 determination that the debt owed to Arnold is not dischargeable,
26 pursuant to 11 U.S.C. section 523(a).

27     The court notes that in the Complaint that initiated the
28 Discharge Action, Arnold alleges that the Debtor and Mark Hughes

                              - 2 -

1  carried out an arrangement under which the Debtor's "assets and
2  earnings" were "artificially shifted" to Mark Hughes, so as to
3  defraud Arnold in his efforts to collect his judgments against
4  the Debtor.   The UST argues that the Fraudulent Transfer Action
5  therefore involves operative facts that are central to the
6  Discharge Action against the Debtor and her husband.

7       The Trustee acknowledges that with specific exceptions, HP
8  can be employed under 11 U.S.C. section 327(a), only if it does
9  not "hold or represent an interest adverse to the estate" and is
10  disinterested.   Section 327(c) provides that in this chapter 7
11  case, an attorney is not disqualified from employment solely
12  because of the attorney's representation of a creditor, unless
13  there is an objection by another creditor or the UST, "in which
14  case the court shall disapprove such employment if there is an
15  actual conflict of interest."   Based on the assertion that actual
16  conflicts of interest exist, the UST has opposed the Application.

17       In response, the Trustee asks the court, in reading
18  subsections 327(a) and (c), to analogize to subsection 327(e),
19  and to permit the employment of HP as special counsel because HP
20  does not hold or represent an interest adverse to the estate
21  specifically as to the Fraudulent Transfer Action.   See Stoumbos
22  v. Kilimnik, 988 F.2d 949, 964 (9th Cir. 1993).

23       The court, however, finds that HP represents an interest
24  adverse to the estate in regard to the Fraudulent Transfer
25  Action, which is the specific matter for which HP is proposed
26  counsel.   Although the facts that pertain to the Discharge Action
27  and to the Fraudulent Transfer Action are not identical, there is
28  a disqualifying relationship and overlap.   Perhaps more critical,

- 3 -

however, is the very real conflict that arises in the context of
settlement of the two actions.  In circumstances like those of
this case, it is common for a debtor to seek to settle a section
523 dischargeability action, in consideration of a cash payment
and dismissal of the section 727 action and/or any fraudulent
conveyance that might support the 727 action.  Here, HP would be
put into the precarious position of advising Arnold regarding
such a proposed settlement in the Discharge Action, and at the
same time advising the Trustee in regard to the merits and
prosecution of the Fraudulent Transfer Action.  It is realistic
to imagine the Debtor agreeing to nondischargeability of the
Arnold debt under section 523, in exchange for a dismissal of the
section 727 action and the Fraudulent Transfer Action.  In such a
case, Arnold would benefit at the expense of the estate and HP
would be put in the untenable position of advising both Arnold
and the Trustee.

In reviewing applications for the estate's employment of
professionals, the court is ultimately to consider "the
protection of the interest of the bankruptcy estate and its
creditors" as well as the resolution of the bankruptcy case.  In
re Harold & Wms. Dev. Co., 977 F.2d 906, 910 (4th Cir. 1992),
quoted in In re Arochem Corp., 176 F.3d 610, 621 (2d Cir. 1999).
As such, the court is sensitive to the concern raised by the UST,
that whether or not HP is determined to represent an interest
adverse to the estate in this case, the concurrent representation
of the Trustee and Arnold, a major creditor in the case, creates
an impermissible appearance of impropriety, in that Arnold could
be perceived as holding an undue influence over decisions in

- 4 -

proceedings that are critical in the overall administration of the Debtor's case.

The UST points out that there are alternative arrangements for HP's employment in connection with the Fraudulent Transfer Action, such as continued prosecution by Arnold, but for the benefit of the estate, with litigation expenses subject to reimbursement under 11 U.S.C. section 503(b)(3)(B) and (4).  In denying the Application, the court is not making any determination in regard to such an alternative arrangement.

The court will issue an order consistent with this memorandum.

Dated:   September 12, 2005

*Robert Bardwil*
ROBERT S. BARDWIL
United States Bankruptcy Judge

CERTIFICATE OF MAILING

I,             , in the performance of my duties as Deputy Clerk to the Honorable Robert S. Bardwil, mailed by ordinary mail a true copy of the attached document to each of the parties listed below:

John Roberts
PO Box 1506
Placerville, CA 95667-1506

Gregory Hughes
Hughes & Pritchard
3017 Douglas Blvd., Suite 300
Roseville, CA 95661

Judith Hotz
Office of the US Trustee
501 I St #7-500
Sacramento, CA 95814

DATE:   09-13-05

                              _Sabine Rley_____
                                Deputy Clerk